UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RICHARD BILL WEATHERS JR.,

Plaintiff,

-against-

SHAWN COREY CARTER, also known as "Jay-Z",

Defendant.

---

1:24-CV-9105 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Richard Bill Weathers Jr., who appears *pro se* and is currently incarcerated in the

Carteret Correctional Center ("Carteret"), located in Newport, North Carolina, filed this action

seeking "justice." (ECF 1, at 5.) He sues Shawn Corey Carter, the recording artist also known as

"Jay-Z." Plaintiff asserts that Defendant Carter has violated his federal constitutional rights. (*Id.*

at 2.)

By Order dated December 9, 2024, the Court granted Plaintiff's request to proceed *in*

*forma pauperis* ("IFP"), that is, without prepayment of fees.[1] The Court dismisses this action for

the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

---

[1] Prisoners are not exempt from paying the full filing fee, even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible—not merely possible—that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

Plaintiff alleges the following: The events that are the bases for Plaintiff's claims occur every day, "wherever [Plaintiff] 'stand[s].'"[2] (ECF 1, at 4.) Plaintiff asserts that Defendant Carter

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation

has been transmitting lewd statements to him every day, while Plaintiff has been incarcerated in Carteret. He also claims that Defendant Carter can "see [his] dreams." (*Id.*) Plaintiff further asserts that Defendant Carter is using a device to transmit those statements. He alleges that Defendant Carter "put[s] thoughts in [his] mind[,] give[s] [him] visions, . . . [and] knows [his] thoughts before [he] speak[s] time and time again." (*Id.* at 7.) "This is every day from the time [Plaintiff] wake[s] up until [he] go[es] to sleep . . . ." (*Id.*) He additionally claims that Defendant Carter is mailing these statements to him. Plaintiff seeks the criminal prosecution of Defendant Carter.

## DISCUSSION

### A.    Private prosecution

The Court must dismiss Plaintiff's claims in which he seeks the criminal prosecution of Defendant Carter. Plaintiff cannot initiate a criminal prosecution in this court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). Neither Plaintiff nor the Court can direct prosecutors to initiate a criminal proceeding against anyone because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, because Plaintiff lacks standing to cause the federal criminal prosecution of others, *see Linda R.S. v. Richard D.*, 410 U.S. 614, 618-19 (1973), the Court dismisses, for lack of subject matter jurisdiction, all claims in which he seeks the federal criminal prosecution of anyone, including Defendant Carter, *see* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a]

---

are as in the complaint unless noted otherwise.

plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim." (internal quotation marks and citation omitted)).

**B.        Plaintiff's claims are frivolous**

Inasmuch as Plaintiff seeks any relief other than Defendant Carter's criminal prosecution, the Court must dismiss those claims as well because they are frivolous. Under the IFP statute, a court must dismiss an action if it determines that, among other things, the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). An action is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact."); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Plaintiff's claims are premised upon his belief that Defendant Carter has been transmitting lewd statements to him every day, while he has been incarcerated in Carteret. However, a "[p]laintiff's beliefs—however strongly he may hold them—are not facts." *Morren v. New York Univ.*, No. 1:20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no plausible factual basis for his abovementioned assertions. *See Lefkowitz v.*

4

*John Wiley & Sons, Inc.*, No. 1:13-CV-6414 (KPF), 2014 WL 2619815, at \*10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing a basis for information and belief); *Johnson v. Univ. of Rochester Med. Ctr.*, 686 F. Supp. 2d 259, 266 (W.D.N.Y. 2010) (even where necessary evidence is in "exclusive control of the defendant, . . . plaintiff must still set forth the factual basis for that belief"), *appeal dismissed*, 642 F.3d 121 (2d Cir. 2011).

The Court finds that Plaintiff does not provide any plausible factual support for his claims and that they rise to the level of the delusional, fantastical, or irrational. *See Livingston*, 141 F.3d at 437. Plaintiff has provided the court with the abovementioned narrative. Yet, he has pleaded no plausible factual predicate in support of his assertions. Plaintiff's allegations amount to conclusory claims and suspicions that are not plausible. Thus, his claims seeking relief other than Defendant Carter's criminal prosecution must be dismissed as frivolous.[3] *See* 28 U.S.C. § 1915(e)(2)(B)(i); *Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order) (holding that "the district court did not err in *sua sponte* dismissing the complaint as

---

[3] Even if Plaintiff's remaining claims for relief were not frivolous, the Court would still dismiss them for failure to state a claim on which relief may be granted. To the extent that Plaintiff seeks relief other than Defendant Carter's criminal prosecution for violations of his federal constitutional rights, the Court construes such claims as brought under 42 U.S.C. § 1983. To state a claim under this statute, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a " state actor." *See West v. Atkins*, 487 U.S. 42, 48-49 (1988); *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) ("State action [for the purpose of Section 1983 liability] requires *both* . . . the exercise of some right or privilege created by the State . . . *and* the involvement of a person who may fairly be said to be a state actor." (internal quotation marks and citation omitted)). Private individuals are not generally considered to be state actors. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties. . . ." (internal quotation marks and citations omitted)). Because Plaintiff alleges no facts showing how Defendant Carter, a private individual, has acted as a state actor in violating his federal constitutional rights, the Court also dismisses any of Plaintiff's remaining claims for relief under Section 1983 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, No. 17-CV-2652 (JFB) (SIL), 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing complaint where the "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible").

## C.    Leave to amend denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011). Plaintiff's complaint does not suggest that Plaintiff is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (district court did not err in dismissing a claim with prejudice in absence of any indication the plaintiff could or would provide additional allegations leading to a different result); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 1:18-CV-8188 (JMF), 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

## CONCLUSION

The Court dismisses this action for the reasons set forth in this Order. *See* 28 U.S.C. § 1915(e)(2)(B)(i), (ii); Fed. R. Civ. P. 12(h)(3). The Court, therefore, denies all requests by Plaintiff in his subsequently filed letter (ECF 6), including a request for *pro bono* counsel, as moot.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment dismissing this action for the reasons set forth in this Order.

SO ORDERED.

Dated:    January 6, 2026
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge

7